UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　　ORDER

JAMES HARDY,　　　　　　　　　　　　　　　　11-CR-629-5 (CS)

        Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James Hardy's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 438); the Government's opposition thereto, (Doc. 440); and Defendant's reply, (Doc. 442).[1]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with

---

[1] The Government is directed to send to chambers for filing under seal unredacted hard copies of its submission.

one of the above.[2]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On November 16, 2012, Defendant was sentenced to 120 months' imprisonment on his conviction for participating in a crack and marijuana distribution conspiracy, and 60 months' imprisonment, to run consecutively, on his conviction for using a firearm in connection with a drug trafficking offense.  (Doc. 193.)  Both terms were the applicable mandatory minimum.  According to the Bureau of Prisons ("BOP"), Defendant's projected release date is October 1, 2024.

Defendant states that he is housed at FCI Loretto, where a widespread COVID-19 outbreak has occurred.  He says he suffers from thalassemia, which puts him at increased risk for a severe case, and that he has in fact contracted COVID-19.  He points out that his offense was non-violent,[3] he has the support of family and friends, he has an "unblemished record" in prison, (Doc. 438 at 15), and he has used his time to take classes and write a book.  I do not find that these factors amount to an extraordinary and compelling reason.

---

[2]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But  "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[3]Defendant was a member of a violent gang but was not charged with committing acts of violence himself.

It is unfortunate indeed that Defendant contracted COVID-19.  Luckily he does not appear to have a severe case.  He tested positive on December 8, 2020 and has gotten daily medical checks.  According to his medical records, apart from one day (December 14) when he reported shortness of breath, he reported no symptoms other than body aches, which are being treated with ibuprofen and acetominephen.  He says he has been coughing, but he has had no fever, and his vital signs, including his oxygen saturation, have been normal.  Now that he has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.  "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").

Defendant's 2020 medical records make no mention of thalassemia, and "thalassemia minor" appears in the records only in November 2018.  The Centers for Disease Control ("CDC") has identified thalassemia – a condition in which the body does not make enough

3

hemoglobin, which may impair the ability of red blood cells to deliver oxygen – as a condition that *might* increase one's risk of a severe case if one were to contract COVID-19. But Defendant has contracted COVID-19 and, happily, his oxygen levels have been good.[4] Defendant's condition is stable and he is getting daily attention. While there has been a serious outbreak at FCI Loretto, it appears to have peaked, the numbers have been signficantly reduced,[5] and nobody has died, suggesting that BOP is providing sufficient care. And, fortunately, reinfections are "vanishingly rare." https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

Defendant's efforts at self-improvement are commendable, but "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*), I do not find that the combination of

---

[4]Defendant's lowest oxygen saturation level was 96% on December 10, and for the last five dates for which the Court has records, it has been 99% or 100%.

[5]According to the Department of Justice Office of Inspector General COVID-19 dashboard, there were over 600 inmate cases on December 14. As of today, according to the BOP website, there are 54.

circumstances here rises to that level.  Defendant's record is not "unblemished;" he has four disciplines, including one for having a cellphone, although he has not been disciplined for the last three years.  But making good use of one's time in prison is not uncommon, and indeed is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020).

In short, I do not find extraordinary and compelling circumstances based on Defendant's health situation, prison record, combination thereof, or the combination of all of the factors to which Defendant points.  I thus need not reach the § 3553(a) factors.[6]

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 438).

Dated: December 29, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[6] In that regard, however, I note (based on what Defendant said at his plea) that he was a drug-dealing, gun-toting member of a violent gang.  The instant conviction was his eighth.  Three of his priors involved drugs and three involved violence, and he had committed crimes while on bail and parole.