UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

      -v.-　　　　　　　　　　　　　　　　　　ORDER

JAMES HARDY,　　　　　　　　　　　　　　　　11-CR-629-5 (CS)

             Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James Hardy's second motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 470), and the Government's opposition thereto, (Doc. 472).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d

Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On November 16, 2012, Defendant was sentenced to 120 months' imprisonment on his conviction for participating in a crack and marijuana distribution conspiracy, and 60 months' imprisonment, to run consecutively, on his conviction for using a firearm in connection with a drug trafficking offense. (Doc. 193.) Both terms were the applicable mandatory minimum. According to the Bureau of Prisons ("BOP"), Defendant's projected release date is October 1, 2024.

The new argument in Defendant's latest application is that he now believes that if he were sentenced today, he would not be subject to a mandatory minimum of ten years on Count One, because the First Step Act changed the basis for prior felony enhancements. He is correct that the standard has changed, but he would be subject to the enhancement even under the new standard.

Defendant was charged with a narcotics conspiracy under 21 U.S.C. §§ 841(b)(1)(A) and 846, which carried a ten-year mandatory minimum. (ECF No. 2.) The Government filed a prior felony information ("PFI") under 21 U.S.C. § 851, (ECF No. 82), which had the effect of doubling the mandatory minimum, 21 U.S.C. § 841(b)(1). As part of a plea agreement, the Government agreed to let Defendant plead to a lesser included offense of Count One – specifically, 21 U.S.C. §§ 841(b)(1)(B) and 846, which ordinarily carries a five-year mandatory minimum, which in Defendant's case was doubled to ten because of the PFI. Thus, instead of facing a twenty-year mandatory minimum on Count One, he faced only a ten-year minimum. In addition, although Count Two charged a firearms discharge under 18 U.S.C. § 924(c)(1)(A)(iii),

which carries a ten-year mandatory minimum, for the plea the Government agreed to let Defendant plead to the lesser included offense under 18 U.S.C. § 924(c)(1)(A)(i), which carries a five-year mandatory minimum. Thus, as a result of the plea agreement, he faced a total minimum of fifteen years rather than thirty.

The First Step Act amended 21 U.S.C. § 841(b)(1) so that a PFI, and a doubling of the mandatory minimum, is permitted only when a defendant has "a prior conviction for a serious drug felony or serious violent felony." "Serious drug felony" is defined at 21 U.S.C. § 802(57), which in turn refers to 18 U.S.C. § 924(e)(2). Together these provision define "serious drug felony" to include, among other things, state-law offenses "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," provided that the offense carries a maximum term of at least ten years, the sentence was greater than one year, and the defendant was released within fifteen years of the commencement of the instant offense. Defendant's prior offense here was attempted criminal possession of a controlled substance in the third degree in violation of New York Penal Law § 220.16(1), which criminalizes possessing narcotic drugs with intent to sell. (ECF No. 82.) It carries a fifteen-year maximum. N.Y. Penal Law §§ 220.16(1), 70.00, 110.05. Defendant was sentenced to four years in 2009, within fifteen years of the commencement of the instant offense. Thus Defendant would have been subject to the enhancement even under today's law.

Moreover, there is no indication that the Government would have come off the greater offenses and offered Plaintiff a plea to the lesser offenses had the PFI not meant that the first count carried the enhanced ten-year mandatory minimum. Given the offers to the other Defendants in the case, the nature of Defendant's conduct, and his criminal history, it is safe to

say that it would not have.  So Defendant got exactly what he bargained for, and so did the Government.

I thus find that the change in the law does not in this case present an extraordinary and compelling circumstance.  For the reasons set forth in my prior Order, (ECF No. 444), I do not otherwise find such circumstances, even though I commend Defendant's efforts at self-improvement.  I again thus need not reach the § 3553(a) factors beyond noting what I said last time.  (*See* ECF No. 444 at 5 n.2.)

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 438), and to send a copy of this Order to James Hardy, No. 65634-054, FCI Florence, Federal Correctional Institution, Satellite Camp, P.O. Box 5000, Florence, CO  81226-5000.

Dated: May 16, 2022
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.