```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA
```

        -v.-                                    ORDER

JAMES HARDY,                          No. 11-CR-629-5 (CS)

                Defendant.

-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant James Hardy's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 485), and the Government's opposition thereto, (ECF No. 490).

      On November 16, 2012, Defendant was sentenced principally to 180 months' imprisonment, the mandatory minimum applicable to his offenses. (ECF No. 193.) He was sentenced to ten years for narcotics conspiracy and five years, to run consecutively, for using and carrying a firearm in connection with the narcotics conspiracy. (*Id.*) At his sentencing, the Government, defense counsel and the Court were all aware that he had completed prison sentences on state charges that were part of the conduct for which he was indicted federally. (ECF No. 187 at 6-11.) I did not think I was at liberty to give Mr. Hardy credit toward his federal sentence for that time, and the Second Circuit agreed. *See United States v. Lucas*, 745 F.3d 626 (2d Cir. 2014).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not

be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "[A] mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release."  *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction."  *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant first moved under 18 U.S.C. § 3582(c)(1)(A) on December 15, 2020, (ECF No. 438), and I denied the motion because his application had not shown extraordinary and compelling circumstances, (ECF No. 444).  He filed a second motion on May 10, 2021, arguing that he would not have been subject to a ten-year mandatory minimum if sentenced today.  (ECF No. 470.)  I again denied the motion, as his argument was incorrect.  (ECF No. 473.)

On October 5, 2022, I reduced the sentence of co-defendant Terrell Lucas, finding extraordinary and compelling circumstances based on the fact that he had served thirty (30) months on state charges that were relevant conduct but for which the Court could not give him

credit because the sentence had been discharged while his federal case was pending. (ECF No. 479.) That ruling came to the attention of Defendant, who in the instant motion argues that he served thirty-two (32) months on state charges that were relevant conduct but for which the Court could not give him credit because the sentence had been discharged; that he has matured; that he is remorseful; that he grew up without a father figure; that he is now married with a stepson; and that he has stayed out of trouble in prison for the last five years and taken advantage of programming. The Government argues that Defendant has not shown extraordinary and compelling reasons, and that the § 3553(a) factors counsel against any reduction.

Most of the factors to which Defendant points are, sadly, not out of the ordinary. Many prisoners are remorseful, lacked youthful guidance, take advantage of programming, and mature as they serve a long sentence. Further, maintaining good conduct in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). The above factors are not irrelevant, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020) (court may consider rehabilitation in combination with other factors in determining whether there are extraordinary and compelling reasons for sentence reduction); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), but what makes Defendant's situation compelling is that, in addition to these other factors, his 180-month sentence was in effect a 212-month sentence, because the court was not able to give him credit for the 32 months he served for conduct embraced by his federal charges. Had the state sentence not been discharged, I could have done so, but because Defendant

completed it before he was arrested in this case, and because he faced mandatory minimums, he essentially was sentenced to that time twice.

Accordingly, I conclude that the reasons advanced by Defendant collectively amount to extraordinary and compelling circumstances.

I must still consider the § 3553(a) factors. The nature and circumstances of the offense were undoubtedly serious. Defendant was a member of a violent street gang, conspired to deal crack and large quantities of marijuana, and possessed a firearm in furtherance of the gang's activities. His history and circumstances include his seven prior convictions, including for robbery and attempted robbery, and prior significant sentences did not deter him. At the same time, Defendant has shown some insight and maturity, he seems ready to settle down with his wife who he says he "is so lucky to have," (ECF No. 485 at 3), and his last ticket in prison was more than five years ago, (ECF No. 492 at 3). While promoting respect for the law and protecting the public from further crimes are always important considerations in gang cases, if Defendant is sincere, his law-breaking days are behind him, and respect for the law will be enhanced if Defendant is given credit for the state time he has already served and thus double punishment is avoided. Even the federal Sentencing Guidelines approve of giving such credit, *see* U.S.S.G. § 5K2.23, which was only precluded in Defendant's case by the mandatory minimum and the fact that the sentence had been discharged, *see* U.S.S.G. § 5G1.3. Nor would the reduction result in unwarranted disparities, as co-defendant Lucas was treated the same way.

Having considered the § 3553(a) factors, I find that the extraordinary and compelling circumstances warrant a sentence reduction. Defendant's sentence on Count One (narcotics conspiracy) is hereby reduced by thirty (32) months to 88 months, to be followed by 60 months

on Count Two (use of firearm), to run consecutively, for a total of 1148 months.  The Clerk of Court is respectfully directed to send a copy of this Order to James Hardy, Reg. No. 65634-054, FCI Florence, Federal Correctional Institution, Satellite Camp, P.O. Box 5000, Florence, CO 81226.  The Government is directed to send a copy of this Order to the Bureau of Prisons and to U.S. Probation.[1]

Dated: December 12, 2022
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[1] At the Court's request, (ECF No. 486), the Government has identified Defendant Michael Glover as a co-defendant similarly situated to Lucas and James Hardy, in that he was sentenced to a mandatory minimum term and had a discharged state sentence.  The Government is directed to send a copy of this Order and ECF No. 479 to Mr. Glover, and to file proof of service on the docket, no later than December 19, 2022.